UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHERRY A. SHERMAN,
                        Plaintiff,

v.                                                   7:11-CV-910 (DNH/ATB)

NATIONAL GRID,
                        Defendant.
_____
SHERRY A. SHERMAN, Plaintiff *Pro Se*

**REPORT-RECOMMENDATION**

On August 3, 2011, plaintiff paid the filing fee and filed her complaint by mail. (Dkt. No. 1). The complaint alleges employment discrimination based upon gender and pregnancy pursuant to 42 U.S.C. § 2000e-5. Because plaintiff paid the filing fee, she was responsible for serving the complaint on defendant National Grid.

The Federal Rules of Civil Procedure require that a complaint be served within 120 days of filing. Fed. R. Civ. P. 4(m). On August 3, 2011, the Clerk of the Court sent plaintiff various materials, including a General Order (GO) 25 Filing Order,[1] a *Pro Se* Handbook, and a *Pro Se* Notice. (Dkt. Nos. 2, 4). Those documents contained specific instructions regarding service, and explained that plaintiff must comply with those instructions prior to any further processing of the case. (Dkt. No. 2). A summons was issued for defendant National Grid on the same date and was sent to plaintiff by mail with the other materials. (Dkt. No. 3).

---

[1] The GO 25 Order also contained the date for the parties' initial scheduling conference and a deadline for submission of the Civil Case Management Plan. However, I ordered the suspension of those deadlines, pending service of the complaint. (Dkt. No. 5).

On December 19, 2011, January 30, 2012, and March 1, 2012, plaintiff filed letter-motions requesting extensions of time to serve the complaint. (Dkt. Nos. 7, 9, 11). I granted the extension request each time. (Dkt. Nos. 8, 10, and Text Order dtd. March 2, 2012). In my March 2, 2012 Text Order, I granted plaintiff's request for an extension of time until March 30, 2012, but warned plaintiff that it would be her last extension "ABSENT EXTRAORDINARY CIRCUMSTANCES." I also warned plaintiff that the failure to timely serve the complaint could result in the dismissal of her action. The Clerk was directed to return the file to me if plaintiff failed to comply with my order. (*Id.*) There is a notation on the Docket Sheet that the a copy of the Text Order was mailed to Ms. Sherman.

Plaintiff's deadline for service has now expired, without any proof of service being filed by plaintiff, and without an extension request, specifying "extraordinary circumstances," or even good cause, for failing to complete service as required in my March 2, 2012 Text Order. The Clerk has returned the file to me for review.

The Federal Rules provide that if a plaintiff fails to serve the complaint within the 120 day time limit, the court must dismiss the action without prejudice or order service within a specified time. Fed. R. Civ. P. 4(m). Because this court has already granted three extension requests, ordered service within a specified time, and warned plaintiff that her case would be dismissed if she failed to effect service after the last extension, this court must recommend dismissing the action without prejudice against defendant National Grid. Plaintiff has not even submitted a letter, explaining why she has not completed service after my final extension expired. The case may not proceed

without service on defendant, and plaintiff has paid the filing fee so she is responsible for serving the complaint and for continuing with her case.

Because this is only a recommendation, and plaintiff is entitled to file objections, the case will remain open until the period for objections has expired and the District Judge's review of this recommendation is complete.  Plaintiff will thus have another opportunity to explain why she has not served the complaint.  Plaintiff should be aware that if she allows the case to be dismissed, she may have problems with the limitations period for filing her employment discrimination case.  The court notes that one of the considerations for excusing the delay in service is whether plaintiff would be barred from refiling her Title VII action because of the statutory 90-day time limit for filing after receiving her "Right to Sue Letter" from the Equal Employment Opportunity Commission (EEOC). *See Smith v. Westchester County*, 769 F. Supp. 2d 448, 476-77 (S.D.N.Y. 2011) (discussing dismissal for failure to serve); *Castro v. City of New York*, No. 05 Civ. 593, 2007 WL 3071857, at *5-8 (S.D.N.Y. Oct. 10, 2007) (discussing factors involved in determining whether to dismiss for failure to serve including the danger of the statute of limitations running), *adopted by* 2007 WL 3224748 (S.D.N.Y. Nov. 1, 2007).

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that plaintiff's complaint be dismissed **WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m), unless within the time for objections to this Recommendation, plaintiff shows good cause to the District Judge for her failure to serve the complaint on defendant.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 3, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge